UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAMMY MAE BOOTH,<br><br>                    Plaintiff,<br><br>v.<br><br>JOY CHRISTINE KANE, MARIKA RAI BARBER, JOHN H GITLIN, JOHN GITLIN, JOSEPH C. FARAH, PROMISE PROPERTY MANAGEMENT, REAL PROPERTY MANAGEMENT WINCHESTER, SURF AND SEA PROPERTIES, SURF & SEA PROPERTIES INC, REAL PROPERTY MANAGEMENT SAN DIEGO SHORES, MR. MARK D. FEINBERG, MS. JEAN MARJORIE HEINZ, MR. MARK DAVID FEINBERG,<br><br>                    Defendants. | Case No.:  20cv2543-GPC(KSC)<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND AND DENYING MOTION TO SET ASIDE DEFAULT AS MOOT**<br><br>**[DKT. NO. 5.]** |

On September 2, 2020, a miscellaneous case was opened when Plaintiff Tammy Mae Booth filed a document and paid a filing fee of $47.00 in Case No. 20mc980. Plaintiff's filed document is entitled, "Unrebutted Administrative Affidavit of Specific Negative Averment" but does not indicate what she is seeking administratively from the

1

Clerk's Office. (Dkt. No. 1.) On November 9, 2020, Plaintiff filed a request for entry of default. (Dkt. No. 2.) On December 17, 2020, the Clerk entered default against all defendants. (Dkt. No. 4.) On February 5, 2021, Defendants Mark D. Feinberg and Jean M. Heinz filed a motion to set aside default. (Dkt. No. 5.) Because the matter became contested, on February 9, 2021, this case was opened as a civil matter and assigned to the undersigned judge.

It is not clear whether Plaintiff seeks to commence a civil action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). No complaint has been filed and Plaintiff's document does not comply with the form of filing a complaint under Civil Local Rule 5.1. Moreover, if Plaintiff seeks to proceed in this civil matter, she must pay $402[1] to the Court's registry instead of the $47.00 she paid for filing a miscellaneous case.

Further, "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* Federal subject matter jurisdiction may be based on (1) federal question jurisdiction under 28 U.S.C. § 1331 or (2) diversity jurisdiction under 28 U.S.C. § 1332. The complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Board of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983). Alternatively, a federal court may have diversity jurisdiction over an action involving citizens of different states where the amount in controversy exceeds $ 75,000. 28 U.S.C. § 1332. "The essential elements of diversity jurisdiction, including the diverse residence

---

[1] https://www.casd.uscourts.gov/_assets/pdf/attorney/CASD%20FEE%20SCHEDULE.pdf

of all parties, must be affirmatively alleged in the pleadings." *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987).

Next, under Federal Rule of Civil Procedure ("Rule") 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Finally, service of the summons and complaint must be made pursuant to Rule 4 on all defendants before they are required to respond. Fed. R. Civ. P. 12(a)(1)(A) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint"). Here, even though the initial filing was not a complaint, there is no indication that the defendants were served with the initial filing.[2] Moreover, defendants were not served with both the summons and the complaint as required by Rule 4(c)(1) ("A summons must be served with a copy of the complaint."). Therefore, because defendants were not served with a complaint and summons, default against the defendants was entered in error.

Accordingly, due to the discrepancies noted above, the Court DISMISSES the case with leave to amend. Because this case has been opened as a civil case, in order to proceed, Plaintiff must comply with the Federal Rules of Civil Procedure and Local Civil Rule for the prosecution of her case. As a starting matter, she must pay $355, the

---

[2] The Court also notes that Plaintiff's proof of service only indicates service of the request for entry of default and not the service of the initial document filed by Plaintiff. (Dkt. No. 3.)

1  remainder of the $402 filing fee, to the Court's registry, file a complaint in accordance
2  with Civil Local Rule 5.1 and Rule 8 and must establish a basis for the Court's federal
3  subject matter jurisdiction.  *See Riddle v. IRS,* No. CV–04–415–ST, 2004 WL 902351, at
4  *2 (D. Or. Apr. 2, 2004).  Plaintiff is granted leave to file a complaint and pay the
5  remainder of the filing fee on or before **March 26, 2021.**  Because entry of default was
6  filed in error, the Clerk of Court shall strike the entry of default entered on December 17,
7  2000, (Dkt. No. 4), and DENIES Defendants Mark D. Feinberg and Jean M. Heinz'
8  motion to set aside default as moot.

IT IS SO ORDERED.

Dated: March 2, 2021

Hon. Gonzalo P. Curiel
United States District Judge